Today's cases will be called as previously announced and the times will be as allotted to counsel. The first case today is No. 23-1951, Regina M. Thornton v. Ipsen Biopharmaceuticals, Inc. At this time, would counsel for the appellant please introduce himself on the record to begin? Good morning, Your Honors. May it please the Court? Do you mind just moving the mic up a little bit higher? Is that better, Your Honor? Yes, much better. Good morning, Your Honors. May it please the Court? Richard Chambers, Jr. and with me at the counsel table is Attorney Joseph Spinelli. We represent the appellant, Regina Thornton. You may begin. Thank you, Your Honor. Your Honor, in my brief, this is a case that was before the lower court. I'm sorry, could you ask for rebuttal? Oh, I'm sorry. Yes, I'd like to reserve three minutes for rebuttal. You may. Thank you, Your Honor. Your Honor, this is a case that was brought in the lower court. It was actually brought in the Massachusetts court. And the appellant was employed by Ipsen Pharmaceuticals. And during the time of the COVID vaccine, the appellee put in its own vaccine policy that required all of its employees to be vaccinated. And the appellant, she was afforded the opportunity to put in a religious exemption, and she did that. So when you say its own, doesn't that in and of itself cut against your argument that there was state action? No, Your Honor, because part of my argument, and I know that the appellee says that, yes, they did implement their own, but it was two days before the federal mandate. And I would submit that they were warned that the federal mandate was coming. They knew it was coming, and that's why they implemented their own policy. So I still make the argument that there's state action. Is there something in the record that supports that causal connection? There is not, other than the fact, Your Honor, that had this matter proceeded to discovery, I think we would have been able to prove that. But it was summarily dismissed pursuant to a 12B motion. So there is nothing in the record other than the contention that Ipsen put theirs in two days prior to the federal one. Moving on, Your Honors, the appellant defendant at the time removed the state action to federal court. We had admitted the complaint, and I state that in my brief. So we're dealing with a second admitted complaint. It was the appellant. Appellee then filed for a motion, 12B motion to dismiss. The lower judge allowed us oral arguments, heard our arguments, and dismissed the case. And I would like to submit to Your Honors that there's two counts with respect to the religious claims. And the two counts that I believe, and we cite in the brief, is Title VII and 151B. And with respect to 151, General Law, Chapter 151B, which is the statutory definition found, states, creed or religion is defined as any sincerely held religious beliefs without regard to whether such beliefs are approved, espoused, prescribed, or acquired by an established church or other religious institution. Okay, but I've got a question. A pleading standard, that's perfectly fine under 151B, but shouldn't the complaint here have stated more? Because basically what it says is, I have religious beliefs, and these are private. Couldn't the complaint have said, I have religious beliefs, they're private, and these are my beliefs, and X, Y, and Z, and this is what I observe. You know, a little bit more beef? Or is that just sufficient, simply everybody saying, well, I have religious beliefs? Well, Your Honor, I would say that... Why is it a conclusory? That's exactly what I'm asking. Okay, and I would say that it's actually not, because when you read my brief, you're going to see that the defendant put in an opposition. And when the appellant was employed by Gibson, she filled out a form. It was a very detailed form. And I would submit that at this stage of a 12B, it's notice pleading, and it's facts most favorable. Okay, but couldn't have the complaint refer to that notice that she submitted? Because it's not in the complaint. Your Honor, I would say it could, but... Because you could have attached it, perhaps, to the complaint, or incorporated by another paragraph. Well, we did incorporate it. We asked, and the judge did consider it, and she states in her motion that she gave it credit and considered it. And she actually spells out that Ms. Thornton had stated that she had more than just deeply held religious beliefs. When you say you incorporated it into the complaint, what are you referring to? On the motion to dismiss, Your Honor, I argued it, and she said... Because there's nothing in the complaint that makes reference to it, though, right? No, there is in the opposition. It's part of defendant's opposition. They attached it themselves. Yes, Your Honor. I see. And it's fairly detailed. And then the district court relied on it as if it was before her in the ruling. It did. The district court judge actually found that the religious beliefs were credible. She gave them credit. She wasn't saying that I don't believe that she doesn't have religious beliefs, but what she did say was it's not enough, which is what Your Honors are alluding to. She's simply saying deeply held religious beliefs. But she said it was personal. I'm sorry? The district court said it was a personal belief, not a religious belief, based upon what she submitted. You're right, Your Honor. And that debate's been going on through history. And it's for someone that believes no evidence is required. But there's got to be a difference. You have religious protections. You don't necessarily have personal protections. Yeah. Someone who doesn't believe, no evidence is enough. And in this case, she stated deeply held religious beliefs. She stated she was a Christian. She was a member of a faith. And I would say. She says that the vaccine would defile the body. Yes. And that would be the thing that would be inconsistent with God's command. Is that right? Yeah, her body is a temple, and taking the vaccine would defile that relationship with the Lord. Yes. And so, just so I'm clear, was there any reference to the existence of the filing in the complaint? I'm sorry, I didn't hear that, Judge. Was there any reference to the existence of the filing of that form in the complaint? I think in the facts we say that she, yes, that she went through a, she had the ability to file for an exemption. And then it says that she filed a form. Yes, it does. Does it say that she set forth her belief in the form, or just says she filed the form? I believe I say in the facts that she set forth her beliefs in the form, and then we say she had deeply held. And in the answer, they then attach the form, and then the magistrate judge in deciding the 12B6 treats the form as if it was before her record. Yes, that's correct. Okay, so if we take the record for purposes of the 12B6, there's two possibilities. We could either say the record is just the complaint itself, which doesn't say anything other than that she has a religious belief. Is that right? A little more than that, but that's right. But if you take the form. If you take the form, then we have the account where she says, here's the religious belief. It's, I can't take the vaccine because God commands me not. My body's a temple, and this would defile the body. So the district court said even that is not enough to set forth a religious belief. Why is that wrong? It's wrong, Your Honor, because religious beliefs should be taken to the person, each person. If you're a member of state. I understand that if she stated a religious belief, there would be a problem with then doing a whole lot to question it. But I think as Judge Thompson and Judge Helpe are asking, is that enough to state a religious belief? There are courts that she cites, the magistrate judge cites, that say just saying, I have a religious belief, I can't take a vaccine, is not sufficient to have shown that your belief you can't take the vaccine is a religious one. I know the Tenth Circuit seems to say, as long as I say, yes, it's religious, that's enough. But there's a dissent saying that's a misreading of precedent. The Eighth Circuit says my body is a temple, that's enough. Yes. But then there are these district court decisions saying that things sound a lot like this are not enough. So how do you think we're supposed to think about it? I'm saying that at that point, with respect to a 12B motion, that we're notice pleading and the facts are taken in the light most favorable to the plaintiff, I say it is enough. Well, what more is there that's going to come out? I mean, it's a little strange to say it's a religious belief, but you'll find out later why. I mean, we're trying to figure out, has she plausibly pled it's a religious belief? So what is she saying here that makes it plausible it's a religious belief? It's the form that she submitted to her employer where she states it pretty succinctly. Yeah, but what in the form specifically makes it a sincerely held religious belief? What is she saying in the form that makes it so? Because that's what the employer has to determine if it really is what she says it is. She says that, first of all, she's never taken the flu shot for over 20 years. So does that mean that she doesn't take aspirin? Does it mean that she just limits it to vaccines? I mean, is there some specific, if she's a Christian, assuming that her beliefs flow from the Bible, is there something in the Bible that says you shouldn't take shots? I don't think that the Bible predicted the COVID-19 outbreak. I think the tenets of the religion shouldn't be. One way to ask it is, she does say that this would defile the body. Yes. And that would be inconsistent with God's command. What she doesn't say is what it is about this that defiles it relative to anything else that she encounters in the world. So she ingests all kinds of things. Presumably she's not saying everything she ingests defiles the body. So to understand the religious belief, one thing she could say is, what is it about the vaccine that's defiling the body? And I think if we take it as a whole, where she says I have a deeply held religious belief, I'm part of a religion, she's not saying like in these other cases that God dismissed, that God told me to do this. She's saying I'm part of an organized religion. This is my belief. I believe if I take the vaccine, it's going to defile my body. But is it just vaccines that defile? I mean, does diet coke defile? No, Your Honor, it doesn't. I guess the question is, how can I tell that from her filing? In other words, she has stated that it defiles the body, but what is? And this may be irrelevant for purposes of what we're allowed to inquire about. And I guess either would be helpful to us to explain why it's irrelevant, in other words, why the case law makes sense to conclude none of our business why it defiles. She said it was a religious reason that it defiled it. Or there could be some requirement that she say a little bit more to explain how that belief is a religious belief. I would say that she did explain it enough and put it in the form she had to fill out for the exemption, which was denied by her employer. She put them on notice that it was a religion. And I would submit that when she makes the temple, my body is a temple argument, it's that almost like natural versus artificial immunity, the vaccine is man-made mRNA. It changes your DNA. Does she say that? She doesn't. But I think she also says this is difficult for me to articulate. But you must be saying she doesn't have to say that. Yes, she doesn't have to say that. Do you have a reason? Yes. Why is it that you're saying she doesn't have to say that? Because on a 12-B motion as dismissed, Your Honor, with all due respect to the district court judge, it's not her job to decide the facts at that point. This is up for the trier of facts later on whether she really has such a belief. But there's got to be a plausible statement for us to get a hook on. I'd say, judges, I'll leave you with this, that stating I'm part of a religion, I have a deeply held religious belief at this stage or for a 12-B motion is enough. So the fact that she said it defiles the body is, in your view, irrelevant? No, it helps because it gives the court more information. What is the information that it's giving that you think is relevant to the question of whether it's religious? That just came out of the Eighth Circuit, that my temple is my body argument. I think that's enough. Okay, thank you. Thank you, Your Honor. Thank you, counsel. At this time, counsel for the appellee, Mr. Rosenfeld, if you could please introduce yourself on the record to begin. Good morning. Jonathan Rosenfeld. At the counsel's table, I have Michael Lenzie on behalf of Apelli, Ipsen Biopharmaceuticals, Inc. May it please the court, This is a case involving a former Ipsen employee who refused to take the vaccination. Per Ipsen Company policy, when the pandemic was raging in 2020. But you agree that if it's a religious belief that she has alleged, then the claim goes forward on Title VII, right? If she was able to establish that her religious belief conflicted with the employment requirement of vaccination, that's the pleading standard, and it's a two-pronged standard. And counsel for Ms. Thornton have asked in their papers for you to ignore that part of the standard. They want you to just look at does she sincerely hold the belief. Well, if the belief is she can't take the vaccine, then it would conflict with the requirement to take it, wouldn't it? In terms of the pleading, though, you have to plead more than a tautology or a conclusion. I can't take the vaccine. You have to be able to connect it that not only am I a member of a particular religion, she doesn't even say what denomination. But you also have to be able to say I'm Christian. It may be, but, again, it's just another infirmity. But the judge below took it and said, yes, she believes in God. Do you think the Eighth Circuit was wrong in their decision? I do. Why? The Eighth Circuit was wrong because it's contrary to the jurisprudence in most of the other circuits, including here. The Tenth Circuit seems to come out even more strongly than the Eighth Circuit. They do. But if you look at the Third Circuit, the seminal decision of Fallon, in which the court made it very clear that personal conscience is not the same. Right, but here she says that she's not acting on personal conscience. She's acting on a command from God not to defile her body. Why is that not enough? Right. And, again, I would have the court take a look at the McCarthy case with Judge Stearns, who addressed this exact issue where it was a COVID-19 vaccination case. And Judge Stearns said that, well, my body is a temple argument. Did the plaintiff there say that God had commanded that she not defile her body because it was a temple? I don't believe those words were in the complaint in that case. Well, I think I'll quote from Judge Stearns. She said, I believe that receiving this vaccine would be a violation of conscience as a Christian who believes in the Bible, specifically the King James Version. I feel this vaccine would violate the principles laid out in God's work. I believe my body is a temple. So it did say that. Yeah, but it didn't say that God commanded I not defile. No, but it said it's a God-given responsibility and requirement for me to protect the physical and spiritual integrity of the body. Okay, well, let's say Judge Stearns would come out the same way as the magistrate judge on this same record. Why would Judge Stearns be right in doing so? And why are the Eighth and Tenth Circuits wrong? And Judge Stearns explained his reasoning in that case. He said that if you went by the dictates of your own conscience, which that's what Judge Stearns, that's how he came out with this, that really what you're saying, even though you're saying my body is a temple, that you're saying that you have to follow the dictates of your conscience. And if that was the standard. But if I say I'm not following dictates of my conscience, I'm following the dictate of a command from God. How can a court say, no, that's just your conscience? Because it is not sufficient to simply say I had a conversation with God. Well, what would make it sufficient? What needs to be added to make it sufficient? What needs to be added is that there has to be a connection between the particular religious belief and that that belief actually says that I'm prohibited from taking a vaccination. You have to make that connection. So you're saying that there has to be something in the Bible that specifically says don't do this, as opposed to, I mean, the Bible tends to speak in terms of generalities. There has to be something either in. I don't think you're going to find a command not to take a vaccination in the Bible. I don't believe so. No, but you have to be able to make the connection, Your Honor. So that's what we're asking. Why is she not making the connection when she says that the religious belief is my body is a temple and the further religious belief is God has commanded I not defile it. And my understanding is that the vaccination would defile it. Is it that last step that she hasn't explained why the vaccine would defile it? No, it's that she hasn't been able to identify that there is actually something that commands her not to take the vaccine. So what you're saying is she should have pleaded, and this is just, I'm not quoting the Bible, just making this up. For example, she would have to say according to the Gospel of John, X part of the Gospel, it says X, Y, or Z, and I'm following that command. She should have pleaded something like that, are you saying? Something like that would be a step in the right direction. But, you know, we cited 12 cases, vaccination cases, which are my body is a temple type argument, and in all of those cases the court has said those are personal preferences, those are moral teachings, those do not make that causal connection. There's two possibilities. There's the possibility as to whether the person is communicating to us that they understand the belief to be commanded by their religious belief. God has said it, etc. There's the further point you seem to be making is then you have to demonstrate that there's some organized religious text that supports the conclusion that you are right in saying that there's a teaching that would support the idea that God's commanded it. I don't know of any cases that say that. The cases, if you look at the Griffin case, you look at the McCarthy case, the court says it's not enough to simply say this is my belief, my body is a temple. We've cited 12 cases. And the key thing here is that the only thing that they've said is my body is a temple, this would define my body, but it doesn't say... So that's what I guess I'm just asking Judge Thompson. One possibility is you're saying you have to point to some religious text that would support the belief. If I thought that would put the court in an odd position of then having to scrutinize text and require you to have a religion that's got some foundational text that I could look at that would plausibly support it. Is there anything else that you think instead would be enough to show the religious belief? Well, it could also be that there is a practice, you know, you have cases with religion dealing with the Sabbath. And that's another way that one could show that there was an actual practice. But it's not enough to simply make a conclusion and say I don't have to follow the employer's requirement because this is my belief. Well, suppose she said because I think my body is a temple, I only eat organic food and nothing else. Would that take it over the threshold of plausibility? No, because that would, again, just be a personal preference. There has to be something about the religious belief that connects it to and I'm not supposed to have a vaccination. I'll put it this way. We'll play a couple steps out. You tell me if it's still incomplete. God commands that my body is a temple. God further commands that I not defile the body because it's a temple. And God commands that puncturing the skin with a foreign substance and injecting it would be to defile it. Is that not enough? Well, if there was a specific dictate that one not puncture the skin. She says there is. Is that not enough? She says it's a religious dictate coming from God. That's not enough? But she doesn't say that. So in Exhibit A and Exhibit B. So that last step, is that what's missing? Well, that's one of the things that's missing. Well, what else? Well, the other thing that's missing here is that she does not in any way talk about this specific vaccine or vaccines in general. She makes nothing about connecting the vaccine to her religious belief. And that's the cornerstone of the 12 cases we cited and particularly. So the problem she has is apparently she's from a complaint. She's Christian, but she's not a Catholic. Or she's not a Greek Orthodox and says the Bishop of Constantinople just said that nobody should vaccine himself because that defiles. If she were part of an organized religion that says it, then it would be easier for her? Are you saying that? You don't have to be part of an organized religion, but you do have to make that connection. And indeed, you know, I would implore you to look at the Griffin case where Judge Saylor says there is an obligation on the part of the employer and the court to screen things. That you don't have to take the, because this is the argument they're making, just take it on face value. We say that automatically, you know, this is a, my body is a temple and I have a sincerely held belief. No, the court's obligation, as is the employer's, is to look at it and say, is there really a religious belief against this particular employment requirement? Because if not, and this is why the conscience argument comes in, then an employee can simply say anything that they don't want to do or any policy violation that they make, that was God's teaching. There's just a question of how many steps have to be completed to make the argument. So, you know, in religious school, there's no end to the questions of why that you could ask about any religious practice. Why do you got to do it? Why, why, why? So how many why's do we have to ask here? I say, I don't want to take the vaccine because God commanded it. You say, well, you're entitled to ask why? In what way did God command it? Then she says, well, because my body's a temple. So then we say, well, why does that matter? And she says, because it would defile my body if I took the vaccine. Then you say, that's not enough. Well, how many more questions do we have? Then she says, well, because it would be wrong to puncture the skin and ingest it with a foreign substance. Well, why is that the case? Would you not do a blood transfusion? You could go on and on and on. I don't read the cases to say it's an endless Sunday school class. So I'm trying to figure out what is the point at which the court is supposed to relent, because we are supposed to respect sincerely held religious beliefs, versus the point at which we have to inquire to make sure it's not a personal belief, it's a religious one. Well, I read it as there's a pleading standard. And there is a certain modicum of facts that have to be pled to get you over that pleading standard. And what the courts have said is it's not enough to say my body is a temple, I'm not supposed to defile my body. That you have to be able to show that the particular employment requirement, in this case vaccination, that that conflicts with my religious belief. And you have to articulate that to get you over the hurdle. This is hypothetical. Let's assume you were Ms. Thornton's attorney, Plaintiff's attorney. How would you then plead to make sure it's a rise of 12 v. 6 stage? What would you have pleaded, you know, in a nutshell? Well, Judge Helvey, I wouldn't have taken this case in the first place. But if I assume the court appointed you and you had to do it. Friend of the court. Okay, friend of the court. What I would have to do is to make some sort of showing that there is a principle or tenet of my religion that I can point to. That this is either, you know, commanded to me in the scripture, this is part of the rituals that we do. I have to be able to show that there is a tenet or principle. Those are the words that are used in the Griffin case and in many of the other cases that we cited. So I've got to identify that tenet or principle that says you can't vaccinate. Or, Judge Barron, as you said, you can't puncture the body. And I have to allege that because I have to let my employer know that I have a real reason. And not simply that, you know, I woke up today and decided, you know what, I don't want to get a vaccination. So what I'm going to say is I'm going to just mouth these words. That my body is a temple and I don't want to pollute that temple. As Judge Thompson, as you said before, how do we know? Drinking a Coca-Cola, is that different than if I'm getting a vaccination? Again, the burden is not the employer's. And it's very difficult for both an employer and a court. But notwithstanding that difficulty, that doesn't absolve the employer and the court from engaging in that analysis. The burden was on the appellant to put. And we gave her two bites of the apple. So she initially, in her complaint. Just last thing, because we're over time, but do you agree that the form she filled out is part of the record for purpose of deciding this in light of how the district magistrate judges it? It is part of the record because she referenced in Exhibit A, which was her first letter, where she referenced about her body being perfect. She then gave a self-styled appeal, even though we don't have an appeal process, and did an Exhibit B. That just amplified the same thing, but didn't make that causal connection between. But we should treat that as part of the complaint? You should treat it as part of the complaint, but it doesn't change the outcome of the case. Could you just briefly talk about the state action piece before you sit down? I'm going to let my co-counsel talk about that. Thank you, counsel, at this time. We're just going to hear quickly on the state action. Go ahead. Please introduce yourself on the record. May it please the court. My name is Michael Lenzie, counsel for the defendant at OE, Ibsen Biopharmaceuticals, Inc., addressing just the state action question. The U.S. Constitution protects individuals against state action, not the conduct of private employers. The second amended complaint does not include any factual allegations suggesting that Ibsen is a state actor under any of the applicable tests. There's nothing in the complaint that references the executive order or that says Ibsen coordinated in any way with the U.S. government when it was adopting its policy. Further, Ibsen's vaccination policy went into effect two days before the executive order was issued. So that shows that there's no causal relationship between the two. Again, the executive order, we know it was issued, but an executive order like that isn't going to be issued. I think it's something that we can all experience. We know days before when the governor is saying, I'm going to be signing this executive order effective X, Y, Z day. So isn't there enough of a connection there or do you have to wait until the actual order is issued? Because I know it's going to be issued. I can give you an example. The courts, we knew when these orders were going to be issued. We started moving along just to make sure by the time they're issued we were ready for those executive orders. So isn't that state action in that sense? No, Your Honor. And first, there's nothing in the complaint that alleges that Ibsen foresaw this executive order coming and acted on behalf of that. So that's not in the pleadings. It's referenced in the briefing but not in the complaint itself. But even assuming that that was alleged, that Ibsen saw the writing on the wall, as it says in the brief, and implemented its vaccination policy because of that, that would not constitute state action. A private employer does not transform into a state actor merely because it's complying with an executive order or a federal regulation. If that were the case, then any company that followed the law would be considered a state actor. And the U.S. Constitution's protections simply don't sweep that broadly. And let me ask, this argument, I believe in your brief you say it was not raised below, correct? The state actor. Can you repeat the question, sir? I believe in your brief this was, you mentioned this argument was not raised below. Am I correct? No, Your Honor. The state action claim was raised below. Okay, it was raised below. But the argument that this was a violation of the Massachusetts Declaration of Rights, the court found that there is no such private right of action under the Declaration of Rights. However, in the briefing, Ms. Thornton has tried to refashion her claim as not one under the Declaration of Rights, but instead one under the Massachusetts Civil Rights Act. However, even under that refashioning, her argument fails because she has not established the pleading standard under the Massachusetts Civil Rights Act, where you need to show that there's an existing right that's guaranteed by the Constitution or federal or state law, that there was interference with that right, and that interference was due to, quote, threats, intimidation, or coercion. Ms. Thornton has failed to meet any of those prongs. Most notably, this court specifically held in Nolan v. C&A that the threatened or actual loss of at-will employment, which is what's alleged here, does not constitute coercion for the purposes of the Massachusetts Civil Rights Act. Thank you. And for those reasons, this court should affirm the lower court's decision. Thank you. Thank you. Thank you, counsel. At this time, counsel for the appellant has a three-minute rebuttal. Please reintroduce yourself on the record to begin. May it please the court, Richard Chambers, Jr., for the appellant, Regina Thornton, for a brief rebuttal, Your Honor. Very briefly, my brother had mentioned a Judge Saylor case, the Griffin case, and I'd just like to ask you to take into consideration the other Judge Saylor case, which is the Together case, where Mass General Hospital employees, nurses, there's literally, I'm paraphrasing, there are literally 200 plaintiffs in that case, and that case made it past 12th v. motion of dismissal and summary judgment with Judge Saylor, and that's the one where he says you should take each plaintiff on an individual basis. I went and looked at that complaint, and the majority of the pleadings in that complaint, they simply said I have a deeply held religious belief, and that has passed the 12th v. and passed summary judgment. I'd ask you, honestly, to consider that. Thank you. Thank you, counsel. That concludes argument in this case.